**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**LUBBOCK DIVISION**

| | | |
|---|---|---|
| LINDSEY BALDRIDGE, et al., | § | |
| | § | |
| PLAINTIFFS, | § | |
| v. | § | CIVIL ACTION CAUSE NUMBER |
| | § | |
| SBC COMMUNICATIONS, INC., | § | 5:04-CV-071-J |
| and CINGULAR WIRELESS, LLC., | § | |
| | § | |
| DEFENDANTS. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' SUMMARY JUDGMENT MOTION**

Before the Court is Defendant's motion, filed March 4, 2005, for summary judgment as to

all claims by all Plaintiffs or, in the alternative, for partial summary judgment.  This motion is

granted in part and denied in part as follows.

**Background**

This is a FLSA opt-in class action for unpaid overtime wages.  The class in this suit consists

of present and past customer service managers who are or were employed by SBC Communications,

Inc. and/or Cingular Wireless, LLC, during the time period from October 29, 2000, forward at the

Lubbock, Texas, call center service facility./[1]  That class consists of twelve named Plaintiffs plus

numerous opt-in Plaintiffs, only some of whom are affected by this order.

Defendants seek, in relevant part, summary judgment as to the FLSA claims of eleven opt-in

Plaintiffs who filed their opt-in notices after the three-year statues of limitations had already run on

---

[1]      The class definition includes only current or former salaried Team Managers and TAG
Managers who were employed within the class period.  The class definition does not include Customer
Service Representatives who are hourly employees or all other managers, unless they are also current or
former salaried Team Managers and TAG Managers employed within the class period from October 29,
2000, forward.

their claims.  That portion, but only that portion, of their summary judgment motion is granted for

the following reasons.

## Analysis

Any cause of action for unpaid overtime compensation or liquidated damages under the Fair

Labor Standards Act of 1938, as amended, must "be commenced within two years after the cause

of action accrued, ... except that a cause of action arising out of a willful violation may be

commenced within three years after the cause of action accrued."  29 U.S.C. § 255(a).  "In

determining when an action is commenced for the purposes of section 255, ... an action commenced

on or after May 14, 1947 under the Fair Labor Standards Act of 1938, as amended, ... shall be

considered to be commenced on the date when the complaint is filed; except that in the case of a

collective or class action instituted under the Fair Labor Standards Act of 1938, as amended, it shall

be considered to be commenced in the case of any individual claimant– **(a)** on the date when the

complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written

consent to become a party plaintiff is filed on such date in the court in which the action is brought;

or **(b)** if such written consent was not so filed or if his name did not so appear-- on the subsequent

date on which such written consent is filed in the court in which the action was commenced."  29

U.S.C. § 256.

This limitations period is subject to tolling on equitable grounds.  *Hodgson v. Humphries,*

454 F.2nd 1279, 1283-84 (10th Cir. 1972).  Evidence that would permit tolling is evidence that would

show that an employer-defendant engaged in fraud or misrepresentations that induced plaintiffs to

delay filing FLSA-required opt-in notices.  *Ott v. Midland Ross,* 523 F.2d 1367, 1370 (6th Cir. 1975).

No such competent summary judgment evidence has been tendered in this case.

The following opt-in Plaintiffs filed opt-in notices more than three years after their causes of action accrued: Tammy Brown, Tommy Campbell, Lisa J. Clanton, Abram Garcia, Isabel Y. Gonzales, Ysidro Gutierrez, Gorinda G. Hughes-Rendon, Dale Joseph, Christopher Rodriquez, Frank Sanchez, and Debra Walker.  For example, Tammy Brown's termination of employment date was 3 days outside the three-year limitations period for a wilful FLSA violation, while Gorinda G. Hughes-Rendon's termination date was 302 days outside that three year limitations period.  There being no evidence of misconduct by a party-defendant upon which equitable tolling could be based, the claims of these eleven Plaintiffs must be dismissed because they are barred by limitations.

### Conclusions

Defendants' motion is granted as to the eleven opt-in Plaintiffs whose claims are all barred by the three-year statute of limitations.  Defendants are entitled to summary judgment on the claims of opt-in Plaintiffs Tammy Brown, Tommy Campbell, Lisa J. Clanton, Abram Garcia, Isabel Y. Gonzales, Ysidro Gutierrez, Gorinda G. Hughes-Rendon, Dale Joseph, Christopher Rodriquez, Frank Sanchez, and Debra Walker.

Other than as granted herein, Defendants' motion is denied.

It is SO ORDERED.

Signed this the ___28th___ day of March, 2006.

/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
UNITED STATES DISTRICT JUDGE

3